IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA          :
                                  :
              v.                  :          CRIMINAL NO. 11-716
                                  :
ERIC CRUZ                         :


M E M O R A N D U M

EDUARDO C. ROBRENO, J.                        October 13, 2021


I.    **INTRODUCTION**

Presently before this Court is pro se Defendant's motion under Federal Rule of Civil Procedure 60(b) ("Rule 60(b)") challenging this Court's previous denial of Defendant's supplemental motion brought pursuant to 28 U.S.C. § 2255. Defendant has also submitted a supplemental motion pursuant to Rule 60(b) and a motion to stay. All are ripe for consideration.

For the following reasons, Defendant's motion pursuant to Rule 60(b), Defendant's supplemental motion pursuant to Rule 60(b), and Defendant's motion to stay will be denied.

II.    **BACKGROUND**

**A. Initial Section 2255 Motions**

On December 8, 2011 Defendant Cruz was indicted with one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). Cruz was previously convicted in the Court of Common Pleas of three separate felony

1

offenses of manufacturing, delivery or possession with the intent to manufacture or deliver a controlled substance in violation of 35 Pa. Stat. Ann 35 § 780-113(a)(3). These cases were consolidated for sentencing in the Court of Common Pleas.

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) ("Rule 11(c)(1)(C)"), Cruz agreed with the Government to enter into a guilty plea specifying a term of 180 months in prison. As part of the guilty plea, Cruz stipulated that he qualifies as an Armed Career Criminal pursuant to 18 U.S.C. § 924(e), the Armed Career Criminal Act. Subsequently, the United States Probation Office's presentence investigation report ("PSR") determined that Cruz's three prior felony convictions qualify him as an Armed Career Criminal under the Armed Career Criminal Act. Cruz did not object to the PSR.[1]

Thereafter, the Court rejected the Rule 11(c)(1)(C) agreement and allowed Cruz to withdraw his guilty plea. Cruz agreed to go forward with the existing guilty plea agreement but without the 180-month "C Plea" portion of the agreement. The Court accepted the guilty plea. On February 7, 2013, the Court sentenced Cruz to 192 months in prison.

On January 30, 2014, Cruz filed a pro se motion pursuant to 28 U.S.C. § 2255 (the "Initial Section 2255 Motion") claiming

---

[1]     Cruz was also placed in criminal history category VI because he had accumulated 20 criminal history points.

that he had ingested an unspecified controlled substance at the Federal Detention Center before his sentencing hearing. Cruz argued that this influenced his decision to go forward with the existing plea agreement but without the 180-month "C plea" provision. Cruz argued that the Court should have inquired into whether Cruz had taken any medications or drugs prior to the hearing and that his sentencing counsel was ineffective for failing to object when the Court did not make this inquiry. Cruz, however, did not claim he suffered a specific impairment from the alleged ingestion.

On December 18, 2014, Cruz filed a Supplemental Motion to Amend his Section 2255 motion (the "Supplemental Section 2255 Motion") arguing that: (1) the Court erred when it held him to be an Armed Career Criminal because his prior convictions for drug offenses, which were consolidated for sentencing, count as a single prior conviction; (2) the Supreme Court recognized a new Constitutional rights in Descamps v. United States, 570 U.S. 254 (2013), which renders the application of his criminal history category and status as an Armed Career Criminal as incorrect; and (3) counsel was constitutionally ineffective.

On February 6, 2015, the Court denied Cruz's Supplemental Section 2255 Motion as time-barred. The Court found that because Cruz submitted his Supplemental Section 2255 Motion after the relevant statute of limitations under section 2255 had run, Cruz

3

was barred from raising these additional arguments. On March 20, 2015 Cruz withdrew his Initial Section 2255 Motion.

**B. Rule 60(b) Motion**

On July 23, 2019, Cruz filed the present motion under Federal Rule of Civil Procedure 60(b) arguing that the Court should reconsider its February 6, 2015 order denying Cruz's Supplemental Section 2255 Motion (the "Rule 60(b) Motion"). Cruz specifically challenges the Court's determination that Cruz is an Armed Career Criminal, arguing that the "jurisdiction doctrine statute" under the Armed Career Criminal Act barred the Court from considering Cruz's prior convictions for drug offenses as three separate convictions. Cruz also contends that the sentence was secured by fraud and that his sentencing counsel was ineffective. Cruz requests that the Court vacate his sentence under the Armed Career Criminal Act, and that the Court re-open his Initial Section 2255 Motion and his Supplemental Section 2255 Motion.[2] The Government argues that Cruz has impermissibly raised these claims as they are time-barred and improperly brought them as a successive habeas petition.

---

[2]      As the Government points out, Cruz appears to ignore that Cruz previously stipulated to his status as an Armed Career Criminal prior to his federal sentencing.

**C. Supplemental Rule 60(b) Motion**

On June 18, 2020, Cruz filed a motion to amend-supplement his initial Rule 60(b) Motion (the "Supplemental Rule 60(b) Motion"). In his motion, Cruz raises several new arguments. Primarily, Cruz argues that one of his underlying convictions for drug offenses does not qualify as a predicate felony subjecting him to a sentence under the Armed Career Criminal Act.

Cruz additionally cites to Rehaif v. United States, in which the Supreme Court held that to successfully prosecute a defendant under Section 922(g), the Government must prove that the defendant knew he possessed a firearm and that he knew he "belonged to the category of persons barred from possessing a firearm." 139 S. Ct. 2101, 2200 (2019). Cruz argues that his conviction should be reversed because his plea [agreement] did not include that the government could prove Petitioner had "knowledge" that his prior felony conviction made it unlawful for him to possess a firearm.

Upon consent of both parties, this Court previously stayed the Rehaif issue after the Supreme Court agreed to hear related issues in United States v. Gary, which was consolidated with Greer v. United States, S. Ct. 141 S. Ct. 2090 (2021). Those cases have since been heard and the stay has been lifted.

### D. Motion to Stay

On June 21, 2021, the Defendant moved to stay this matter again (the "Motion to Stay"), arguing that a pending Supreme Court case may influence an issue raised in his Rule 60(b) Motion. Defendant argues that because his three prior felony offenses were consolidated for sentencing, the Court erred when it found him to be an Armed Career Criminal because the Court should have considered his underlying convictions to derive from one consolidated offense rather than three separate offenses. Defendant moves to stay the matter until Wooden v. U.S., 141 S. Ct. 1370 (2021), has been decided. In Wooden the Supreme Court will consider whether a defendant's previous burglary convictions constitute separate "violent felonies" under to 18 U.S.C. § 924(e). Defendant argues that Wooden "could determine that any prior convictions that the sentences [] ran concurrently or [were] consolidated to each other cannot be separated to enact the enhanced sentence" under section 924(e). Def. Mot. to Stay at 1, ECF No. 74.

The Government opposes this motion and argues that the Motion to Stay, along with Cruz's Rule 60(b) Motion and Supplemental Rule 60(b) Motion, should be denied.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 60(b) provides that "[o]n motion and just terms, the court may relieve a party or its

legal representative from a final judgment, order, or proceeding

for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable
> neglect;
> (2) newly discovered evidence that, with reasonable
> diligence, could not have been discovered in time to
> move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or
> extrinsic), misrepresentation, or misconduct by an
> opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or
> discharged; it is based on an earlier judgment that
> has been reversed or vacated; or applying it
> prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). A party may also request that a court

"set aside a judgment for fraud on the court" under Rule

60(d)(3). However, "a determination of fraud on the court may be

justified only by 'the most egregious misconduct directed to the

court itself,' and that it 'must be supported by clear,

unequivocal and convincing evidence.'" Herring v. United

States, 424 F.3d 384, 386–87 (3d Cir. 2005) (quoting In re

Coordinated Pretrial Proceedings in Antibiotic Antitrust

Actions, 538 F.2d 180, 195 (8th Cir. 1976).

IV. **DISCUSSION**

   A. **Rule 60(b) Motion**

      Cruz seeks to reopen his Initial Section 2255 Motion, which

Cruz withdrew in 2015, and his Supplemental Section 2255 Motion,

which this Court previously denied as time-barred. Cruz's Rule

60(b) motion fails as it is time-barred and because Cruz's
motion constitutes a successive habeas petition over which this
Court does not have jurisdiction to review.

Federal Rule of Civil Procedure 60(b) "provides that a
court 'may relieve a party or its legal representative from a
final judgment, order, or proceeding' for several enumerated
reasons." Murray v. DiGuglielmo, No. 09-CV-4960, 2020 WL
1491324, at * 1 (E.D. Pa. March 27, 2020) (quoting Fed. R. Civ.
P. 60(b)). As an initial matter, "[a] motion under Rule
60(b) must be made within a reasonable time." Fed. R. Civ. P.
60(c). Here, Cruz's claim is not timely. This Court denied
Cruz's Supplemental Section 2255 Motion on February 6, 2015 and
on March 20, 2015, Cruz withdrew his Initial Section 2255
Motion. Cruz then waited over four years, until July 23, 2019,
to file his Rule 60(b) Motion. Cruz does not provide an
explanation for the delay. See, e.g., Wyche v. Metzger, No. 18-
CV-1478, 2021 WL 2403112, at *3 (D. Del. Jun 11, 2021) (denying
a Rule 60(b) motion to re-open a habeas petition because the
petitioner "has not provided any reason for waiting one year and
five months to file the instant Motion to Reopen after he
voluntarily withdrew his habeas petition.").

Even if Cruz's claim were to be deemed timely, it still
fails because Cruz's motion is a second or successive habeas

petition disguised as Rule 60(b) motion over which the Court does not have authority to review.

In Gonzalez v. Crosby, the Supreme Court addressed when a Rule 60(b) motion may be considered an unauthorized second or successive habeas petition. 545 U.S. 524 (2005). The Court examined a similar motion brought under Rule 60(b) where the movant previously brought an unsuccessful petition for habeas relief under 28 U.S.C. § 2254. The Supreme Court noted that Rule 60(b) "applies in habeas corpus proceedings under 28 U.S.C. § 2254 only 'to the extent that [it is] not inconsistent with' applicable federal statutory provisions and rules." Id. at 530 (footnote omitted) (quoting Rule 11 of the Rules Governing § 2254 Cases in the United States District Courts). One such provision is under 28 U.S.C. § 2254(b)(3), which provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3). A similar rule exists for petitions brought under § 2255 which provides that a "[a] second or successive motion must be certified as provided in section 2244 by a panel

of the appropriate court of appeals . . . ." 28 U.S.C. §
2255(h).[3]

A second or successive habeas claim disguised as a Rule
60(b) motion is one that seeks to "add a new ground for relief"
or seeks to "attack[] the federal court's previous resolution of
a claim on the merits." Gonzalez, 545 U.S. at 532. In contrast,
a "true" Rule 60(b) motion challenges "a procedural ruling made
by the district court that precluded a merits determination of
the habeas petition, or challenges a 'defect in the integrity of
the federal habeas proceedings,' such as an assertion that the
opposing party committed fraud upon the court." Murray, 2020 WL
1491324, at *3 (quoting Gonzalez, 545 U.S. at 532 n.5). A valid
Rule 60(b) motion will "assert[] that a previous ruling which
precluded a merits determination was in error—for example, a
denial for such reasons as failure to exhaust, procedural
default, or statute-of-limitations bar." Gonzalez, 545 U.S. at
532 n.4.

---

[3]     The holding in Gonzalez was limited to motions filed pursuant to
section 2254, but the Court noted that "[f]ederal prisoners generally seek
postconviction relief under § 2255, which contains its own provision
governing second or successive applications." Gonzalez, 545 U.S. at 529 n.3.
Courts in this Circuit have consistently applied Gonzalez's holding to
motions brought pursuant to section 2255. See, e.g., United States v. Mote,
No. 18-CV-2513, 2018 WL 6984450, at *1 (3d Cir. Nov. 6, 2018) ("Because
Appellant sought to attack his underlying conviction, his Rule 60(b) motion
was properly viewed as an unauthorized second or successive 28 U.S.C.
§ 2255 motion."); United States v. White, No. 10-CR-420-1, 2021 WL 37924, at
*3 (E.D. Pa. Jan. 5, 2021) ("Although Gonzalez concerned a 60(b) motion filed
in a proceeding brought under § 2254, its principles apply equally to 60(b)
motions filed in the § 255 context."); United States v. Colon, No. 10-CR-556,
2016 WL 687183, at *3 (E.D. Pa. Feb. 19, 2016) (applying Gonzalez to section
2255). Thus, Gonzalez applies here.

Here, though this Court previously denied Cruz's
Supplemental Section 2255 Motion because it was time-barred,
Cruz's does not argue that the Court's determination was
procedurally defective, nor does Cruz challenge "a procedural
ruling made by the district court that precluded a merits
determination of the habeas petition . . . ." Murray, 2020 WL
1491324, at *3 (citing Gonzalez, 545 U.S. at 532 n.5); Florio v.
Vaughn, No. 96-CV-7128, 2021 WL 510171, at *2 (E.D. Pa. Feb. 11,
2021) (noting the same). Instead, Cruz raises substantive
arguments challenging his sentencing under the Armed Career
Criminal Act. Cruz additionally argues that the underlying
sentence was imposed by fraud and that his sentencing counsel
was ineffective.[4] These are the types claims that attack the
defendant's underlying conviction and seek to "add a new ground
for relief," which are explicitly barred by Gonzalez. 545 U.S.
at 532; see also U.S. v. Jones, 2015 WL 525184, at *6 (E.D. Pa.
Feb. 9, 2015) ("A motion that claims error in the prisoner's
conviction or sentence must be treated not as a motion for
relief under Rule 60(b), but as a second or successive §
2255 motion, which may not be filed without the express
permission of the Court of Appeals.")[5] Thus, the Court finds that

---

[4]   Cruz also does not provide any specific reasons as to why Cruz's
Initial Section 2255 Motion should be re-opened.
[5]   The Court recognizes that, under certain circumstances, a defendant may
raise an allegation of fraud in a Rule 60(b) motion to attack a court's
previous ruling on the merits. See Murray, 2020 WL 1491324, at *2 (citing

Cruz's Rule 60(b) motion is a "second or successive" habeas petition pursuant to § 2255.

As previously noted, before a "second or successive" petition may be filed under § 2255, it "must be certified as provided in section 2244 by a panel of the appropriate court of appeals." 28 U.S.C. § 2255(h). Cruz has not obtained such certification. Accordingly, Cruz's Rule 60(b) motion is denied.[6]

### B. Supplemental Rule 60(b) Motion

Cruz's Supplemental Rule 60(b) Motion fails as it is also time-barred and can be considered a successive section 2255 claim over which this Court does not have authority to review. Cruz submitted this motion more than five years after this Court denied Cruz's Supplemental Section 2255 Motion. Thus, Cruz's Supplemental Rule 60(b) Motion was not brought within a

---

Gonzalez, 545 U.S. at 532 n.5); see also Fed. R. Civ. P. 60(b)(3). Cruz argues that, pursuant to Rule 60(b)(4), his underlying sentence was imposed by fraud. Cruz does not argue that the Court's prior decision denying Cruz's Supplemental Section 2255 Motion was a result of fraud. Because Cruz's allegations of fraud do not attack a "defect in the integrity of the federal habeas proceedings," but rather challenge his underlying sentence, Cruz's argument does not constitute a true Rule 60(b) motion. Gonzalez, 545 U.S. at 532.

[6]     To the extent Cruz purports to raise an argument of fraud under Rule 60(d)(3), Cruz merely attacks his underlying conviction without providing any argument or evidence of "misconduct directed to the court itself. . . ." Herring v. United States, 424 F.3d 384, 386-87 (3d Cir. 2005) (quoting In re Coordinated Pretrial Proceedings in Antibiotic Antitrust Actions, 538 F.2d 180, 195 (8th Cir. 1976)). As he seeks to "collaterally attack his underlying conviction" this should still be considered a "successive habeas petition[] which may not be filed without the Court of Appeals' approval." U.S. v. Franklin, No. 99-CV-238, 2008 WL 4792168, at *3 (E.D. Pa. Oct. 31, 2008); see also United States v. Donahue, 733 F. App'x 600, 603 (3d Cir. 2018) (affirming a finding that because defendant's arguments under Rule 60(d)(3) challenged his underlying conviction and sentence, they were "advanced pretextually in support of a successive § 2255 motion.").

reasonable time pursuant to Federal Rule of Civil Procedure 60(c).

Further, for the same reasons noted above, Cruz's Supplemental Rule 60(b) Motion must fail. As noted, "[a] motion under Rule 60(b) cannot be used to advance a claim challenging the petitioner's underlying conviction . . . ." Cobbs v. Mechling, No. 03-CV-1952, 2015 WL 4255463, at *1 (W.D. Pa. July 13, 2015) (citing Gonzalez, 545 US. at 531-32). That is exactly what Cruz seeks to do in arguing that he was improperly sentenced under the Armed Career Criminal Act. Because this motion constitutes a "second or successive" habeas petition, and because Cruz has not certified his "second or successive" petition with the appropriate court of appeals, Cruz's motion must be denied. See 28 U.S.C. § 2255(h). Accordingly, the Court need not reach the merits of Cruz's arguments.[7]

**C. Motion to Stay**

Defendant seeks to stay this matter pending the resolution of Wooden v. U.S., 141 S. Ct. 1370 (2021). In Wooden, the Supreme Court will address whether offenses committed as part of a single, criminal spree, but sequential in time, are considered to have been committed on different occasions for purposes of sentencings under the Armed Career Criminal Act. This case may

---

[7]     Because this motion is denied, the Court need not reach the Rehaif issue.

shed light on Cruz's argument that Cruz's prior convictions should have been consolidated for the purposes of sentencing under the Armed Career Criminal Act. However, this argument was raised in Defendant's Rule 60(b) Motion which, as already explained, will be denied. Accordingly, the Motion to Stay will be denied as well.

**V.   CONCLUSION**

For the foregoing reasons Cruz's Rule 60(b) Motion, the Supplemental Rule 60(b) Motion, and the Motion to Stay will be denied.

An appropriate order follows.